IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLARENCE BARKLEY,

    Petitioner,

vs.

ILLINOIS PAROLE BOARD, *et al.*,

    Respondents.

Case No. 11-cv-1030-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Pending before the Court is petitioner Clarence Barkley's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). At the time of the initial filing, petitioner was being held at the Lawrence Correctional Center. Generally, petitioner alleges that the Illinois Department of Corrections was holding petitioner for a parole violation for a period of time longer than warranted under the initial terms of his parole. Petitioner requests immediate discharge from the Illinois Department of Corrections. Since the initial filing, petitioner has informed the Court that he has been released and is now residing in Indiana (Doc. 13).

    Article III, Section 2 of the United States Constitution establishes the scope of federal court jurisdiction, which includes "all Cases . . . arising under this Constitution . . . [and] Controversies to which the United States shall be a Party."

The Supreme Court has concluded that "[t]he Constitution's case-or-controversy limitation on federal judicial authority . . . underpins . . . our mootness jurisprudence ...." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). Mootness is jurisdictional. *See Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir. 2000). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990))

In *Spencer*, a state prisoner was released on parole but his parole was revoked and he was returned to prison. He sought to invalidate the parole revocation by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, before the district court adjudicated his petition, his sentence for parole violation had expired and he was released from prison. The Court ruled that the presumption of collateral consequences which is applied to habeas petitions from criminal convictions when petitioners are no longer in prison does not apply to revocations of parole. *Spencer,* 523 U.S. at 7. Rather, it was the petitioner's burden to demonstrate collateral consequences. *Id*. Ultimately, the Court found that the habeas petitioner's case was moot because he was unable to show any collateral consequences that resulted from his parole revocation adequate to meet Article III's injury in fact requirement. *Id*. at 14-18.

Instantly, petitioner is merely challenging the length of his confinement, which he alleges exceeded the length of his term of parole. He does not allege any collateral consequences capable of meeting Article III's injury in fact requirement. Accordingly, petitioner's claims are **DISMISSED WITHOUT PREJUDICE as moot**.

Should petitioner desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals.  See Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1).  Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part.  *Id*. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  If the district court denies the request, a petitioner may request that a circuit judge issue the certificate.  Fed. R. App. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that petitioner's claims are **MOOT**. Therefore, petitioner is not entitled to relief pursuant to 28

U.S.C. § 2254. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, petitioner has not made "a substantial showing of the denial of a constitutional right." Accordingly, the Court **SHALL NOT ISSUE** a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 8th day of August, 2012.

Digitally signed by David R. Herndon
Date: 2012.08.08 16:28:09 -05'00'

**Chief Judge**
**United States District Court**